**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NORMAN J. LANDRY,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF JAMES SKINNER, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-00164-ALM-AGD |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court are three motions. The first motion is *pro se* Plaintiff Norman J. Landry's ("Plaintiff") Motion to Enforce Service by U.S. Marshal Service, Request for Alternative Service, and for Extension of Time Under FRCP 4(m) and 6(b) ("Motion for Service") (Dkt. #13). The second motion is Defendants Lt. Kevin Greene, Sheriff Jim Skinner, and Collin County Sheriff's Office's Motion to Dismiss ("Motion to Dismiss") (Dkt. #17). The third motion is Defendants' Motion to Dismiss for Want of Prosecution for Plaintiff's Failure to Provide Current Mailing Address ("Motion to Dismiss for Want of Prosecution") (Dkt. #24). Having reviewed each motion and respective responses, and replies, the court recommends as follows: (1) Plaintiff's Motion for Service (Dkt. #13) be denied as moot; (2) Defendants' Motion to Dismiss (Dkt. #17) be granted; and (3) Defendants' Motion to Dismiss for Want of Prosecution (Dkt. #24) be denied as moot.

**BACKGROUND**

On February 18, 2025, Plaintiff filed his Complaint and a Motion for Leave to Proceed *in Forma Pauperis* (Dkt. #1; Dkt. #2). On February 24, 2025, the court granted Plaintiff's Motion to

Proceed *in Forma Pauperis*, but withheld service pending Plaintiff's filing an Amended Complaint (Dkt. #3). The court ordered Plaintiff to file an Amended Complaint that provided "information about the cases to which he refers," and to "explain in detail how the instant lawsuit is not time-barred by Texas's two-year statute of limitations applied to § 1983 causes of action." (Dkt. #3 at p. 3). After seeking and being granted an extension (Dkt. #5; Dkt. #6), Plaintiff's Amended Complaint was filed on April 1, 2025 (Dkt. #10). Without the court's review of Plaintiff's Amended Complaint, Plaintiff filed three separate Acknowledgements of Service (Dkt. #14; Dkt. #15; Dkt. #16).

Plaintiff alleges in his Amended Complaint that on September 28, 2021, he was arrested in Denton County, Texas for warrants out of Rhode Island and held for 89 days (Dkt. #10 at p. 1). Plaintiff alleges he was detained again by the Collin County Sheriff's Office on the same Rhode Island warrants and held in custody from February 10, 2022, to June 23, 2022 (Dkt. #10 at p. 2). During that time, Plaintiff attended a habeas corpus hearing on March 2, 2022, and appealed the outcome of that habeas corpus hearing on March 4, 2022 (Dkt. #10 at p. 2). Plaintiff was released on bond on June 23, 2022 (Dkt. #10 at p. 2).

Defendants Skinner, Green, and Collin County Sheriff's Office filed their Motion to Dismiss on September 26, 2025 (Dkt. #17). Plaintiff filed his Response in Opposition to Defendants' Motion to Dismiss on October 6, 2025 (Dkt. #21). Defendants filed their Reply to Plaintiff's Response to Their Motion to Dismiss on October 7, 2025 (Dkt. #23). The Motion to Dismiss is fully briefed and ripe for consideration.

## LEGAL STANDARD & ANALYSIS

***The Applicable Statute of Limitations***

The Fifth Circuit Court of Appeals has found that 42 U.S.C. § 1983 "does not prescribe a statute of limitations. Instead, '[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state.'" *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir.2001)). "Texas has a two year statute of limitations for personal injury claims." *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a); *Piotrowski*, 237 F.3d at 576). The Fifth Circuit finds that "the limitations period begins to run when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'" *Id.* (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir.1989)).

The court starts by noting that it put Plaintiff on notice of the limitations issue on February 24, 2025. In a February 24, 2025, Order, the court ordered Plaintiff to file an Amended Complaint "explain[ing] in detail how the instant lawsuit is not time-barred by Texas's two-year statute of limitations applied to § 1983 causes of action." (Dkt. #3 at p. 3) (citing *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016)).

Taking Plaintiff's recitation of the facts as true, it is clear that Plaintiff's lawsuit is, indeed, barred by the applicable statute of limitations. In Texas, § 1983 claims have a two-year statute of limitations. Plaintiff acknowledges that his "§ 1983 claim accrued on June 23, 2022, when his unlawful detention in Collin County ended upon his release on bond[, . . .] giving Plaintiff until June 23, 2024, to file this lawsuit. Plaintiff filed this action in 2025." (Dkt. #10 at p. 2). Plaintiff is correct that he was required to bring this lawsuit on or before June 23, 2024. He did not. Rather,

Plaintiff filed his lawsuit on February 18, 2025, ***240 days*** beyond the expiration of the statute of limitations.

Acknowledging the tardiness of his lawsuit, Plaintiff argues the court should apply equitable tolling to the applicable statute of limitations. The Fifth Circuit notes that "[b]ecause the Texas statute of limitations is borrowed in § 1983 cases, Texas's equitable tolling principles apply." *Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009) (citing *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998)). Plaintiff advances three reasons for equitable tolling: (1) Plaintiff was incarcerated for a period of 133 days following his habeas corpus hearing; (2) Plaintiff was engaged in a "Rhode Island Legal Battle" and was hindered by his bond conditions; and (3) Plaintiff is *pro se* and was pursuing litigation via U.S. Postal Service (Dkt. #10 at pp. 2–3).

Plaintiff's first argument for tolling fails because it relates to his time of incarceration, a period that occurred before his § 1983 claim accrued. Plaintiff's remaining argument that the court should apply equitable tolling rests on his physical separation from Texas, *e.g.*, legal proceedings in Rhode Island, bond conditions keeping him in Rhode Island, *pro se* status, and participation in Texas legal proceedings via U.S. Postal Service. None of these reasons are sufficient for this court to apply equitable tolling to the statute of limitation. *See Madis*, 347 F. App'x at 108 (collecting cases that found no grounds for equitable tolling in § 1983 cases where plaintiffs faced lack of counsel, solitary confinement, restricted access to the law library, and being illiterate). As such, the court does not find that Plaintiff has established exceptional circumstances for the court to equitably toll the statute of limitations. Accordingly, the court recommends that Plaintiff's causes of action, all of which arise under § 1983, be dismissed with prejudice as to all Defendants.

**Rooker-Feldman *Doctrine***

Even if the court applied equitable tolling to Plaintiff's § 1983 lawsuit, the case is still barred by the *Rooker-Feldman* Doctrine. "Reduced to its essence, the *Rooker-Feldman* doctrine 'holds that inferior federal courts do not have the power to modify or reverse state court judgments.'" *Union Planters Bank, N.A. v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quoting *Reitnauer v. Texas Exotic Feline Found., Inc.*, 152 F.3d 341, 343 (5th Cir.1998)). "Absent specific law otherwise providing, [the *Rooker-Feldman*] doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.1994). "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (internal citation and quotation marks omitted). "If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Id.* (first citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and then citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983)). The United States Supreme Court held that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff's lawsuit fits squarely within the *Rooker-Feldman* framework. First, Plaintiff lost at the state trial and appellate court levels regarding his argument that the Governor's Warrant was invalid (Dkt. #10 at p. 2; Dkt. #17, Exhibits 1, 4, 5). Second, in failing to succeed on this argument, Plaintiff was released from custody on bond and returned to Rhode Island (Dkt. #10 at p. 2; Dkt.

#17, Exhibit 5). Third, the judgments in the state court proceedings were rendered on or before August 22, 2022 (Dkt. #17, Exhibit 5). And fourth, Plaintiff is asking this court to reconsider the validity of the Governor's Warrant related to the state court rulings. Accordingly, the court finds that Plaintiff's case is barred by the *Rooker-Feldman* doctrine. Thus, Defendants' Motion to Dismiss should be granted, and Plaintiff's case should be dismissed as to all Defendants.[1, 2]

***Futility of Amendment***

"Generally, . . . a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* "[P]leading review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 693 (E.D. Tex. 2009) (quoting *U.S. ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). An opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (internal citations omitted).

Here, there is no set of facts that Plaintiff can allege that would change the fact his claims are barred by both the statute of limitations and the *Rooker-Feldman* doctrine. Moreover, Plaintiff has already amended his Complaint. As such, the court recommends that Plaintiff not be afforded the opportunity to file a Second Amended Complaint and that his case be dismissed with prejudice.

[1] Because the court recommends Defendants' Motion to Dismiss (Dkt. #17) be granted and Plaintiff's case be dismissed, the court further recommends that the remaining motions, Plaintiff's Motion for Service (Dkt. #13) and Defendants' Motion to Dismiss for Want of Prosecution (Dkt. #24) be denied. The court notes, however, that Plaintiff has failed to maintain a proper address (Dkt. #30).

[2] Because the court finds that Plaintiff's lawsuit is barred by the applicable statute of limitations and the *Rooker-Feldman* doctrine, the court need not address Defendants' remaining grounds for dismissal raised in their Motion to Dismiss (Dkt. #17).

## CONCLUSION, RECOMMENDATION, AND ORDER

For the foregoing reasons, the court recommends that (1) Plaintiff's Motion for Service (Dkt. #13) be **DENIED AS MOOT**; (2) Defendants' Motion to Dismiss (Dkt. #17) be **GRANTED**; and (3) Defendants' Motion to Dismiss for Want of Prosecution (Dkt. #24) be **DENIED AS MOOT**. The court further recommends that Plaintiff's case be **DISMISSED WITH PREJUDICE**. It is further recommended that any request for relief not addressed by this report and recommendation should be denied as **MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 24th day of August, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE